FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 06, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| GERALD HALSEY, BETTY HALSEY, GERALD R HALSEY and/or BETTY J HALSEY LIVING TRUST, MICHAEL CESKE, IRIS MALLORY, and LUCIAN LYONS,<br><br>Plaintiffs,<br><br>v.<br><br>STEPHEN CROSKREY and BONASA BREAKS RANCH LLC, a Florida limited liability corporation,<br><br>Defendants. | No.   2:20-cv-00371-SMJ<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS** |

Before the Court is the Defendants' FRCP 8(a)(2), FRCP 10(b) and 12(b)(6) Motion to Dismiss Amended Complaint for Failure to State a Claim Upon Which Relief Can Be Granted, ECF No. 12. Defendants initially asked this Court to dismiss the entirety of Plaintiffs' amended complaint, ECF No. 9. *See* ECF No. 12 at 11.[1]

---

[1] The Court agrees with Plaintiffs that it appears that Defendants did not thoroughly read Plaintiffs' Amended Complaint before filing the recycled motion to dismiss. The motion refers to paragraph numbers from the initial complaint, as well as quoting certain passages from the initial complaint that were changed in the amended complaint. *See* ECF No. 12 at 9. Both the motion and the reply, as well as Plaintiffs' response, are also replete with typos. *See id.*; ECF No. 16 at 4; ECF No.

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS'
MOTION TO DISMISS – 1

But in its reply, it only asked this Court to dismiss Defendant Stephen Croskrey and Plaintiffs Iris Mallory, Lucian Lyons, Michael Ceske, and the Gerald R. Halsey and/or Betty J. Halsey Living Trust ("The Trust"). *See* ECF No. 21 at 11. The Court has reviewed the motion and the file in this matter and grants in part and denies in part the motion.

## BACKGROUND

Plaintiffs sued Defendants for trespass, negligence, negligence per se, nuisance, negligent infliction of emotional distress (NEID), and strict liability. ECF No. 9 at 7. They allege that Defendants decided to raise an earthen dam at the headwaters of Rattlesnake Creek without proper permitting or engineering consultation. *Id.* at 3–4. The dam eventually failed, releasing about ten million gallons of water and causing catastrophic flooding and damage, including to Plaintiffs' properties. *Id.* at 5–6.

## LEGAL STANDARD

Under Rule 12(b)(6), the Court must dismiss a complaint if it "fail[s] to state a claim upon which relief can be granted," including when the plaintiff's claims either fail to allege a cognizable legal theory or fail to allege sufficient facts to support a cognizable legal theory. *Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1093

---

21 at 5. The Court cautions the parties that they must take care in their filings so as to not waste judicial resources or create undue work for the opposing party.

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS'
MOTION TO DISMISS – 2

(9th Cir. 2017). To survive a Rule 12(b)(6) motion, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Facial plausibility exists when a complaint pleads facts permitting a reasonable inference that the defendant is liable to the plaintiff for the misconduct alleged. *Iqbal*, 556 U.S. at 678. Plausibility does not require probability but demands something more than a mere possibility of liability. *Id.* While the plaintiff need not make "detailed factual allegations," "unadorned" accusations of unlawful harm and "formulaic" or "threadbare recitals" of a claim's elements, supported only "by mere conclusory statements," are insufficient. *Id.*

In deciding a Rule 12(b)(6) motion, the Court construes a complaint in the light most favorable to the plaintiff, assumes the facts as pleaded are true, and draws all reasonable inferences in his or her favor. *Ass'n for L.A. Deputy Sheriffs v. County of Los Angeles*, 648 F.3d 986, 991 (9th Cir. 2011); *Iqbal*, 556 U.S. at 678. Even so, the Court may disregard legal conclusions couched as factual allegations. *See id.*

## DISCUSSION

**A.    Plaintiffs state plausible claims against Defendant Croskrey**

Defendants argue that the Amended Complaint fails to allege facts that give rise to Defendant Croskrey's personal liability. ECF No. 12 at 7. Plaintiffs allege

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS – 3

that Croskrey is the director, officer, and agent of Defendant Bonasa Breaks Ranch, LLC ("BBR"). ECF No. 9 at 2, 3. They allege that Croskrey, "individually and within the scope of his duties in his role as director, officer and agent of [BBR], decided to raise the earthen dam." *Id.* at 3. They add that neither Defendant obtained permits as required or engaged an engineer to design the dam. Nor did Croskrey or anyone retained by Defendants for the project have an engineering degree or experience in engineering a dam or dam expansion. *Id.* at 3–4. Plaintiffs allege that Croskrey "knew or was substantially certain that a heightened dam built without engineering and permits would likely fail and cause great damage to downstream property" and that he acted recklessly. *Id.* at 4–5.

"[A]n officer of a corporation who takes no part whatever in a tort committed by the corporation is not personally liable" but "this immunity vanishes if such corporate officer knowingly participated in, cooperated in the doing of, or directed that the acts be done." *Johnson v. Harrigan-Peach Land Development Co.*, 489 P.2d 923, 928 (Wash. 1971). "Where an officer performs an act or a series of acts which would amount to conversion if he acted for himself alone, he is personally liable, even though the acts were performed for the benefit of his principal and without profit to himself personally." *Dodson v. Econ. Equip. Co.*, 62 P.2d 708, 709 (Wash. 1936) ("The liability of an officer of a corporation for his own tort committed within the scope of his official duties is the same as the liability for tort of any other agent

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS – 4

or servant"). True, the business judgment rule generally cautions courts against "substitut[ing] their judgment for that of the directors" unless "there is evidence of fraud, dishonesty, or incompetence (*i.e.,* failure to exercise proper care, skill and diligence)." *Spokane Concrete v. U.S. Bank*, 892 P.2d 98, 104 (Wash. 1995). But Plaintiffs argue that Croskrey personally participated in the decision to raise the dam without hiring an engineer or obtaining permits. ECF No. 16 at 10. Contrary to Defendants' assertions, Plaintiffs do not merely allege that Croskrey failed to obtain a permit. *Cf.* ECF No. 21 at 10. They assert that he knew, or was substantially certain, that the damage would occur. ECF No. 9 at 4. Taking the allegations as true, Plaintiffs state plausible claims against Croskrey.

**B.    Plaintiffs Mallory, Lyons, Ceske, and The Trust**

Defendants also ask this Court to dismiss the causes of action of Mallory, Ceske, Lyons, and the Trust, but provide little analysis. *See* ECF No. 21 at 10–11. But the Court agrees that the aforementioned Plaintiffs have not alleged emotional distress, and so have not alleged a plausible NEID claim. *See* ECF No. 9. The Court thus dismisses Mallory's, Ceske's, Lyons' and the Trust's NEID claims without prejudice. *See Lee v. City of Los Angeles*, 250 F.3d 668, 692 (9th Cir. 2001) ("[D]ismissal without leave to amend is improper unless it is clear . . . that the complaint [can] not be saved by any amendment.").

//

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendants' FRCP 8(a)(2), FRCP 10(b) and 12(b)(6) Motion to Dismiss Amended Complaint for Failure to State a Claim Upon Which Relief Can Be Granted, **ECF No. 12**, is **GRANTED IN PART AND DENIED IN PART**.

2. Plaintiffs' Motion to Amend Pleading, **ECF No. 22**, is **WITHDRAWN**.

3. Mallory's, Ceske's, Lyons' and the Trust's NEID claims are **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 6th day of April 2021.

_____
SALVADOR MENDOZA, JR.
United States District Judge