FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 22, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| GERALD HALSEY, BETTY HALSEY, GERALD R HALSEY and/or BETTY J HALSEY LIVING TRUST, MICHAEL CESKE, IRIS MALLORY, and LUCIAN LYONS,<br><br>Plaintiffs,<br><br>v.<br><br>STEPHEN CROSKREY and BONASA BREAKS RANCH LLC, a Florida limited liability corporation,<br><br>Defendants. | No.  2:20-cv-00371-SMJ<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT** |

Before the Court is Plaintiffs' Motion for Summary Judgment Dismissal of Affirmative Defense No. 10 (Business Judgment Rule), ECF No. 57. Because Plaintiffs essentially seek a ruling on the applicable legal standard, the Court finds this issue inappropriate for resolution on summary judgment. Accordingly, for the reasons set forth below, the Court denies the motion.

## BACKGROUND

This case centers on catastrophic damage to real property allegedly caused by the negligent construction of a raised dam. *See generally* ECF No. 9. Defendant Bonasa Breaks Ranch, LLC, a Florida limited liability corporation ("the

ORDER DENYING PLAINTIFFS' MOTION
FOR SUMMARY JUDGMENT – 1

1  Corporation"), owns a parcel of land in Asotin County that is at the headwaters of
2  Rattlesnake Creek—a tributary to the Grande Ronde River. *Id.* at 3. SEC Holdings,
3  LLC ("SEC Holdings") owned the Corporation at all relevant times to this action,
4  and Stephen Croskrey was the managing member of SEC Holdings at all relevant
5  times. ECF No. 74 ¶ 3–4. SEC Holdings was, at all relevant times, the sole member
6  of the Corporation. *Id.* ¶ 16. It is undisputed that Defendant Croskrey supplies the
7  capital for SEC Holdings, which in turn supplies the capital for the Corporation. *Id.*
8  ¶ 5.

9      The Corporation purchased the parcel of land in 2004, which at the time
10 featured a small pond. *Id.* ¶ 8. Defendant Croskrey, as managing member of SEC
11 Holdings, hired Tommy Mullins—an equipment operator—to repair and raise the
12 earthen walls of the pond (*i.e.*, the dam). Defendant Croskrey also hired Kenneth
13 Thornton—a foreman—to supervise the property and perform pond improvement
14 work. *Id.* ¶ 18. Mr. Mullins and Mr. Thornton then raised the dam; Mr. Mullins
15 operated the earth moving equipment and Mr. Thornton leveled the dam walls.

16     The dam failed in April of 2017, releasing approximately ten million gallons
17 of water and causing catastrophic flooding and damage to Plaintiffs' properties.
18 Plaintiffs, each owners of real property along Rattlesnake Creek, sued both the
19 Corporation and Croskrey for trespass, negligence, negligence per se, nuisance,
20 negligent infliction of emotional distress (NEID), and strict liability. ECF No. 9

ORDER DENYING PLAINTIFFS' MOTION
FOR SUMMARY JUDGMENT – 2

at 7.

After the Court granted Defendants leave to amend, Defendants filed a fifteen-page answer, raising eleven affirmative defenses. Relevant here, Defendants' Tenth Affirmative Defense asserts that Croskrey is immunized from liability for actions taken on behalf of the corporation under the business judgment rule ("BJR"). ECF No. 59 at 13. Specifically, Defendants submit that:

> Defendant Stephen Croskrey alleges that he is immunized from liability for actions on behalf of the corporation under the business judgment rule, because any causally relevant actions he took relating to the events alleged in this complaint were made within the power of the corporation and within Mr. Croskrey's authority as management. Furthermore, Mr. Croskrey's exercises of business judgment were done in good faith.

*Id.* (citations omitted).

Plaintiffs dispute the legal standard cited in this affirmative defense, arguing that the BJR does not protect a defendant who did not exercise reasonable care. ECF No. 57 at 12. Because Plaintiff's negligence claim requires them to prove a lack of reasonable care, and because the business judgment rule incorporates that standard, Plaintiffs submit that Defendant's tenth affirmative defense should be dismissed as a "nullity." *Id.* at 13.

## LEGAL STANDARD

The Court must grant summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as

ORDER DENYING PLAINTIFFS' MOTION
FOR SUMMARY JUDGMENT – 3

a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

In ruling on a summary judgment motion, the Court must view the evidence in the light most favorable to the nonmoving party. *See Tolan v. Cotton*, 572 U.S. 650, 657 (2014). Thus, the Court must accept the nonmoving party's evidence as true and draw all reasonable inferences in its favor. *See Anderson*, 477 U.S. at 255. The Court may not assess credibility or weigh evidence. *See id.* Nevertheless, the nonmoving party may not rest upon the mere allegations or denials of its pleading but must instead set forth specific facts, and point to substantial probative evidence, tending to support its case and showing a genuine issue requires resolution by the finder of fact. *See Anderson*, 477 U.S. at 248–49.

## DISCUSSION

Plaintiffs admit they are not seeking a ruling that Defendant Croskrey was negligent. Instead, they are seeking a ruling on the applicable legal standard for the BJR. *See* ECF No. 69 at 4 ("Our motion seeks to establish that under the BJR, Mr. Croskrey's actions are judged by the traditional negligence due care standard."). But summary judgment is reserved for cases where the moving party can show there

are no genuine issues of material fact on a particular issue. Here, Plaintiff fails to make such an argument.

The question presently before the Court is not whether there are no genuine issues of material fact as to whether Defendant Croskrey acted in good faith and with proper care, skill, and diligence. *See Montclair United Soccer Club v. Count Me In Corp.*, No. C08-1642-JCC, 2009 WL 2985475 at *4 (W.D. Wash. Sept. 14, 2009). Instead, Plaintiffs ask this Court to strip Defendant Croskrey of the BJR defense because the legal standard reiterates the negligence standard and renders the defense illusory.

But summary judgment is not an opportunity to argue about what legal standard applies. This issue is more appropriately taken up when the Court addresses the jury instructions for trial, as the parties will have an opportunity to submit and brief proposed jury instructions. Although the Court finds that Defendants may have stated the business judgment rule too narrowly in their Tenth Affirmative Defense, the Court declines to summarily bar them from raising the defense at all. And to the extent Plaintiffs seek a ruling that the BJR does not apply to Defendant Croskrey, the Court declines to make such a ruling when there remain issues of material fact regarding his conduct.

//

//

ORDER DENYING PLAINTIFFS' MOTION
FOR SUMMARY JUDGMENT – 5

//

//

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiffs' Motion for Summary Judgment Dismissal of Affirmative Defense No. 10 (Business Judgment Rule), **ECF No. 57**, is **DENIED**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 22nd day of December 2021.

_____
SALVADOR MENDOZA, JR.
United States District Judge

ORDER DENYING PLAINTIFFS' MOTION
FOR SUMMARY JUDGMENT – 6